DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which denied appellant's request for retroactive modification of child support. For the reasons stated herein, this court affirms the judgment of the trial court.
The facts relevant to this appeal are as follows. Appellant and appellee were divorced on December 6, 1988. Appellee was named the residential parent of the couples' four children, and appellant was ordered to pay child support. Sometime in 1995 or 1996, the couple's youngest child, David, came to live with appellant. Subsequently, appellant contacted the Wood County Child Support Enforcement Agency to inform the agency that David was living with her and to request a modification of her child support obligation. According to appellant, the agency told her that she should hire an attorney. She also requested that appellee contact the agency to modify the support order. Although appellee testified that he contacted the agency regarding the new custody arrangement, nothing was done at that time to modify the support order.
Finally, on March 2, 1999, appellant filed a "MOTION TO CHANGE RESIDENTIAL PARENT, FOR AN AWARD OF CHILD SUPPORT, FOR A CREDIT OF CHILD SUPPORT PAID BY PLAINTIFF TO DEFENDANT, ATTORNEY FEES, COSTS AND OTHER RELIEF" requesting that she be made David's residential parent, that she be awarded child support and that she be reimbursed for the child support she paid to appellee during the period of time that David was living with her. The parties entered into a consent judgment regarding all of the issues except the retroactive modification of the child support for the period prior to the date appellant filed the above motion and subsequent to the actual placement of the child with appellant. This issue was heard by Magistrate Pamela A. Heringhaus, and, in a decision which was journalized on October 12, she ruled that the court did not have "the authority to modify the support order prior to the time of filing the motion" and therefore denied appellant's request for a retroactive modification of support payments and her request for attorney fees. Without objection by appellant, Judge Reeve Kelsey adopted the magistrate's decision in a judgment entry journalized November 2, 1999. Appellant now appeals the trial court's judgment entry adopting the magistrate's decision, and raises the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT DETERMINED IT DID NOT HAVE AUTHORITY TO MODIFY APPELLANT'S CHILD SUPPORT ORDER RETROACTIVE TO THE DATE PHYSICAL CUSTODY WAS TRANSFERRED TO HER."
This court notes that appellant did not file any objection to the magistrate's decision. Civ.R. 53(E)(3)(b) states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." By failing to object, appellant waived her assignment of error.Hennessy v. Hennessy (Apr. 21, 2000), Lucas App. No. L-99-1170, unreported. Therefore, appellant's assignment of error is not well-taken and this court must affirm the decision of the trial court. See, State ex. rel. Booher v. Honda of AmericaManufacturing, Inc. (2000), 88 Ohio St.3d 52, 53.
On consideration whereof, the court finds that the appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs are assessed to appellant.
Peter M. Handwork, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.